[22 NYS3d 131]

In the Matter of BARRY ALAN HOFFBERG, an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT, Petitioner.

Second Department, December 23, 2015

**APPEARANCES OF COUNSEL**

*Mitchell T. Borkowsky*, Hauppauge (*Michael Fuchs* of counsel), for petitioner.

**OPINION OF THE COURT**

Per Curiam.

The Supreme Court of New Jersey, in an order filed October

1, 2014 (219 NJ 426 [2014]), reprimanded the respondent based on a disciplinary stipulation.

The respondent was admitted to the New Jersey bar in 1993. He was previously reprimanded in 2005 by the New Jersey Supreme Court (*see In re Hoffberg*, 185 NJ 131 [2005]). On September 26, 2011, the respondent's New Jersey law license was administratively revoked pursuant to New Jersey Rules of Court rule 1:28-2 (c) for his failure to pay his annual fee to the New Jersey Lawyers' Fund for Client Protection for consecutive years. In 2013, the respondent entered into a disciplinary stipulation with the New Jersey Office of Attorney Ethics (hereinafter the OAE) which encompassed two separate matters, under docket Nos. XIV-2013-0346E and XIV-2013-0347E, respectively.

Docket No. XIV-2013-0346E

The respondent stipulated that in October 2011, one month after the revocation of his license, he met with Helen Peralta and Alvin Peralta and agreed to file a "Step Parent Petition for Adoption" in Bergen County, New Jersey. He charged the Peraltas a fee of $750. After the Peraltas paid the fee, the respondent failed to return any of their calls. In late June 2012, Alvin Peralta called the respondent, using a different phone number, and was told by the respondent that he was having a "problem at his office."

The respondent's last contact with the Peraltas was in late July 2012, when he informed them that a "representative of the court told him he needed to make changes to the petition, but [the representative] was on vacation." The respondent did not inform the Peraltas where he could be reached after he closed his office, did not reply to their calls, did not refund their $750 fee, and did not advise them to obtain new counsel.

At some point, Helen Peralta contacted the Bergen County Clerk's office and was informed that, although the respondent had not filed the petition, in January 2012 his paralegal submitted a draft "for approval." Thereafter, the Clerk's office emailed information to the respondent's "office" about how to correct the deficiencies, but he never replied and did not submit anything further to the court.

The respondent stipulated to having violated New Jersey Rules of Professional Conduct (NJ RPC) rules 1.1 (a) (gross neglect), 1.4 (b) (failure to keep a client reasonably informed about the status of the matter or to comply with reasonable requests for information), 1.5 (a) (unreasonable fee) and 1.16

(d) (failure to protect a client's interest upon termination of the representation).

Docket No. XIV-2013-0347E

The respondent stipulated that, from 2005 to 2011, he was ineligible to practice law in New Jersey for failure to pay his annual attorney assessment to the Lawyers' Fund for Client Protection. The respondent stipulated that he was aware of his ineligibility. In 2011, while ineligible, but still licensed, the respondent made appearances in New Jersey courts. He also filed a motion on September 13, 2011, shortly before his license was revoked, but while he was ineligible to practice law. After his license was revoked, he appeared for oral argument on that motion. The respondent stipulated that he violated NJ RPC rule 5.5 (a) by knowingly practicing law in New Jersey, while ineligible, and after the administrative revocation of his license.

In a decision dated June 5, 2014, the Disciplinary Review Board of the Supreme Court of New Jersey (hereinafter the DRB) recommended, inter alia, that the respondent should be reprimanded. Upon review of the DRB's decision, the Supreme Court of New Jersey, by order filed October 1, 2014, reprimanded the respondent. In addition, the order provided that if the respondent applies for re-admission to the bar, his re-admission shall be withheld for a period of one year, and that the respondent was precluded from appearing pro hac vice in any matters in New Jersey until further order of the court. Lastly, the order provided that the OAE shall refer the respondent's conduct to the disciplinary authorities in New York.

On June 4, 2015, the Grievance Committee personally served the respondent with notice of the instant 22 NYCRR 691.3 application. More than 20 days have elapsed. The respondent has neither served a response or demanded a hearing, nor has he requested additional time in which to do so. Accordingly, there is no impediment to the imposition of reciprocal discipline.

We note that the respondent is delinquent in the payment of his New York State attorney reregistration fees for seven biannual periods: 2003-2004, 2005-2006, 2007-2008, 2009-2010, 2011-2012, 2013-2014, and 2015-2016.

Based on the findings of the Supreme Court of New Jersey, reciprocal discipline is imposed and the respondent is suspended from the practice of law for one year.

ENG, P.J., MASTRO, RIVERA, DILLON and DICKERSON, JJ., concur.

Ordered that the petitioner's application to impose reciprocal discipline is granted; and it is further,

Ordered that pursuant to 22 NYCRR 691.3, the respondent, Barry Alan Hoffberg, is suspended from the practice of law for a period of one year, commencing January 22, 2016, and continuing until further order of this Court. The respondent shall not apply for reinstatement earlier than July 22, 2016, and any application for reinstatement shall be accompanied by proof of payment of attorney registration fee arrears as well as payment for the current registration period. In such application, the respondent shall furnish satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) otherwise properly conducted himself; and it is further,

Ordered that the respondent, Barry Alan Hoffberg, shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until further order of the Court, the respondent, Barry Alan Hoffberg, shall desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,

Ordered that if the respondent, Barry Alan Hoffberg, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).