Matter of Hoffberg (2021 NY Slip Op 04485)





Matter of Hoffberg


2021 NY Slip Op 04485


Decided on July 21, 2021


Appellate Division, Second Department


Per Curiam.



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
WILLIAM F. MASTRO
REINALDO E. RIVERA
MARK C. DILLON
LINDA CHRISTOPHER, JJ.


2020-01753

[*1]In the Matter of Barry Alan Hoffberg, a suspended attorney. Grievance Committee for the Tenth Judicial District, petitioner; Barry Alan Hoffberg, respondent. (Attorney Registration No. 2708543)



The respondent was admitted to the Bar at a term of the Appellate Division of the Supreme Court in the Second Judicial Department on June 9, 1993. By order to show cause dated June 26, 2020, this Court directed the respondent to show cause pursuant to 22 NYCRR 1240.12(c)(2)(i) why a final order of suspension, censure, or disbarment should not be made based on his conviction of a serious crime. In a separate proceeding to impose reciprocal discipline, under Appellate Division Docket No. 2015-2465, by opinion and order dated December 23, 2015, the respondent was suspended from the practice of law for a period of one year and until further order of the Court, based on the findings of the Supreme Court of the State of New Jersey in an order filed October 1, 2014 (see Matter of Hoffberg, 136 AD3d 100). The respondent has not been reinstated to practice in the State of New York.



Catherine A. Sheridan, Hauppauge, NY (Michael Fuchs of counsel), for petitioner.



PER CURIAM.


OPINION & ORDER
On February 12, 2018, the respondent was convicted, upon his pleas of guilty, in the Superior Court of the State of New Jersey, Bergen County, under two separate indictments and an accusation, of maintaining or operating a controlled dangerous substance production facility, in violation of NJ Stat § 2C:35-4, a felony. During the plea proceeding, the respondent admitted that during the period October 7, 2016, to February 17, 2017, and prior to his arrest on January 11, 2018, in his Hackensack, New Jersey apartment, he maintained and operated a facility for the packaging and sale of cocaine. The respondent further acknowledged that he sold cocaine during the subject period; that police were able to obtain a search warrant for his apartment; and that, upon execution of the warrant, police seized cocaine, equipment for the weighing, packaging, sale and distribution thereof, as well as more than $15,000 in cash. On April 6, 2018, the respondent was sentenced to three concurrent 12-year sentences of imprisonment.
Despite being served with this Court's June 26, 2020 order to show cause directing the respondent to show cause why a final order of suspension, censure, or disbarment should not be made based on his conviction of a serious crime, the respondent has neither served a response, nor has he requested additional time in which to do so.
In determining an appropriate measure of discipline to impose in this case, we have considered the serious nature of the respondent's conviction, which involved his operation of a facility for the packaging and sale of cocaine. Although provided an opportunity to show cause why [*2]a final order of discipline should not be imposed based upon his conviction of a serious crime, the respondent failed to avail himself of that opportunity.
Additionally, the respondent has a prior disciplinary history, having been suspended from the practice of law for a period of one year. We further note that as of the time of his December 23, 2015 suspension, the respondent had failed to pay his biannual registration fees for seven consecutive periods. Since then, the respondent has been delinquent in payment of his registration fees for three additional consecutive periods.
Under the totality of the circumstances, we find that disbarment is warranted, and, effective immediately, the respondent is disbarred and his name is stricken from the roll of attorneys and counselors-at-law.
LASALLE, P.J., MASTRO, RIVERA, DILLON and CHRISTOPHER, JJ., concur.
ORDERED that pursuant to Judiciary Law § 90, effective immediately, the respondent, Barry Alan Hoffberg, a suspended attorney, is disbarred, and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,
ORDERED that the respondent, Barry Alan Hoffberg, shall continue to comply with the rules governing the conduct of disbarred or suspended attorneys (see 22 NYCRR 1240.15); and it is further,
ORDERED that pursuant to Judiciary Law § 90, the respondent, Barry Alan Hoffberg, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law; and it is further,
ORDERED that if the respondent, Barry Alan Hoffberg, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 1240.15(f).
ENTER:
Aprilanne Agostino
Clerk of the Court